FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 AUG 12 PM 3: 01

U.S. DISTRICT COURT
N.D. OF ALABAMA

JERROLL RICHARDSON,

    Plaintiff

VS.

CITY OF LEEDS, ALABAMA,

    Defendant

)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.

92-AR-1588-S

ENTERED

AUG 1 2 1997

### MEMORANDUM OPINION

Plaintiff, Jerroll Richardson ("Richardson"), has filed a
motion for reconsideration of this court's order granting the Rule
50 motion of defendant, City of Leeds ("City"). Initially, the
City's Rule 50 motion was denied on February 13, 1997, but upon *sua
sponte* reconsideration the motion was granted on May 13, 1997,
before the scheduled trial of the case on August 18, 1997. The
court was incorrect on May 13, 1997, in assuming that it had not
yet ruled on the City's Rule 50 motion. Therefore, the court is
now considering the entire issue of Richardson's *prima facie* case
once again. Richardson has not complained about the court's
earlier reversal of itself. Richardson now asks the court to
reverse itself again. He is not barred procedurally from asking it
to do so.

On May 13, 1997, this court decided to dismiss Richardson's
action because undisputed evidence showed that the City's final
decisionmaker, the Mayor, had performed an isolated act, namely,
his refusal to rehire Richardson. As such, the avenue of §§ 1981

1

and 1983 liability against the City, to use Justice O'Connor's
words, "[collapsed] into *respondeat superior* liability." In *Board
of County Commissioners of Bryan County, Okl. v. Brown*, ___ U.S.
___, 117 S. Ct. 1382, 1391 (1997), Justice O'Connor said:

> To prevent municipal liability for a hiring decision from collapsing
> into *respondeat superior* liability, a court must carefully test the
> link between the policymaker's inadequate decision and the
> particular injury alleged.

There is not the slightest indication that the Mayor's decision not
to rehire Richardson, whether or not because of Richardson's race,
was in accordance with or linked to some official or unofficial
City policy or custom.  What the Eleventh Circuit will ultimately
think of *Board of Commissioners* remains to be seen.  The only
mention of *Board of Commissioners* by the Eleventh Circuit thus far
is in *Scala v. City of Winter Park*, 116 F.3d 1396 (11th Cir. 1997),
in which the Eleventh Circuit said that "the Supreme Court appeared
to cast some doubt on its *Pembaur* decision." 116 F.3d at 1399.
However, *Scala* went forward and said in a *dictum* that a municipal
corporation can be liable for a simple illegal act by its official,
not under a theory of *respondeat superior*, but "when a challenged
act may fairly be said to represent official policy, such as when
that municipal officer possesses final policymaking authority over
the relevant subject matter." 116 F.3d at 1397. *Scala* then decided
against a complaining municipal employee because the municipal
decisionmaker's    decisions    were    "subject    to    meaningful
administrative review by the City's civil service board."    As

2

*dictum* in *Morro v. City of Birmingham*, 117 F.3d 508 (11th Cir. 1997), the *dictum* in *Scala* was repeated and expanded to include an administrative review by a non-city affiliated review board.

In the instant case, the question becomes whether Richardson's right to appeal to a board that had no power to assess damages for mental anguish against the municipality, a type of damages that is obtained routinely under §§ 1981 and 1983 in a court of law, equals the "meaningful administrative review" that plaintiffs in *Scala* and *Morro* were said to have.   If "meaningful" requires that the administrative remedy constitute a duplication of or an adequate substitute for §§ 1981 and 1983, it is hard to understand how a personnel board's review can be truly "meaningful."   The City has reinterposed here its *Monell* defense, which has not been foreclosed because the case is not set for trial, and the defense would be allowed in the event the case were tried again.   Unfortunately for the City, however, the undisputed facts demonstrating the clear lack of a "meaningful administrative review" of the Mayor's decision bar that defense in this case.   The parties have furnished the court with materials bearing on whether Richardson had the possibility of a meaningful administrative review of the Mayor's decision not to rehire him.   When the decision was made, the City was not under the Personnel Board of Jefferson County as was the City of Birmingham in *Morro*.   The City is now under the Personnel Board of Jefferson County, and if the Mayor's decision had been made today, the *Morro dictum* might control.   At the time of the

3

transaction here involved, the City had a system of personnel review closer to the system in *Scala* than in *Morro*. Ordinance No. 422 passed by the City's council created that system. It is attached hereto as Exhibit "A". However, that system, which expressly includes the right to complain of a racially motivated decision, denied to Richardson a meaningful review because it allows only for grievances by "<u>employees</u>," and Richardson was not an "employee" when the Mayor refused to rehire him. Under the circumstances, one cannot seriously contend that Richardson had a "meaningful administrative review" of the decision about which he complains. For this reason, *Scala* and *Morro* do not apply even if read as absolute bars to relief rather than as mere requirements of exhaustion.

This court is not sure beyond a reasonable doubt as to what effect *Board of Commissioners* has on this case, particularly after reading *McMillian v. Monroe County, Alabama*, __ U.S. __, 117 S. Ct. 1734 (1997), which chronologically followed *Board of Commissioners* but did not mention it, and in which Chief Justice Rehnquist delivered the opinion of the court, saying:

> We held in *Monell*, 436 U.S., at 694, that a local government is liable under § 1983 for its policies that cause constitutional torts. These policies may be set by the government's lawmakers, "or by those whose edicts or acts may fairly be said to represent official policy." *Ibid*. A court's task is to "identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989).

*Id*. at 1736.

Although harboring some doubt, the court will abide by its decision that *Board of Commissioners* tilts this particular set of undisputed facts in favor of the City. Accordingly, the court will deny Richardson's motion for reconsideration, anticipating, of course, that this ruling will provide the Eleventh Circuit an opportunity to instruct the district courts within the Eleventh Circuit on its interpretation of *Board of Commissioners* as applicable to cases like this one.

DONE this __12__ day of August, 1997.

William M. Acker

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5

ORDINANCE NO. ___422___

ESTABLISHING A PERSONNEL SYSTEM
FOR THE CITY OF LEEDS

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF LEEDS,
ALABAMA, AS FOLLOWS:

Section 1  Purpose

There is hereby established a personnel system for the City
of Leeds.  Such system shall be established on the following merit
principles:

(a) Recruiting, selecting and advancing employees on the
basis of their relative ability, knowledge, and skills, including
open competition of qualified applicants for initial appointment;

(b) Establishing pay rates consistent with the principle of
providing comparable pay for comparable work;

(c) Training employees, as needed to assure high quality
performance;

(d) Retaining employees on the basis of the adequacy of
their performance, correcting inadequate performance and separating
employees whose inadequate performance can not be corrected;

(e) Assuring fair treatment of applicants and employees in
all aspects of personnel administration without regard to political
affiliation, race, color, creed, national origin or ancestry, sex,
religion or disability.

Section 2   Classified service, exceptions

The classified service shall include all employees serving in
continuing positions in the municipality except the following:

(a) members of the municipal governing body and other elected
officials;

(b) members of appointed boards and commissions, municipal
judges and municipal attorneys;

(c) persons employed to work less than full-time;

(d) administrative officials appointed by the mayor and/or
municipal governing body, including but not limited to all depart-
ment heads, the fire chief, the police chief and assistant police
chief.

(e) volunteer personnel who receive no regular compensation
from the municipality;

(f) temporary positions scheduled for less than one year's
duration unless specifically covered by the action of the mayor
and municipal council;

(g) persons performing work under contract for the munici-
pality who are not carried on the payroll as employees.

Nothing herein shall be construed as precluding the mayor
and/or municipal governing body from filling any excepted positions
in the manner in which positions in the classified service are filled.

Section 3   Personnel Officer

A personnel  officer shall be designated to perform the duties
of that office.  He may have other staff members designated to
assist him.

$E \times H I B I T$ " $A$ "

-2-

## Section 4   Duties of Personnel Officer

The personnel officer shall be responsible for the personnel administration system and shall direct all of its administrative and technical activities.  His duties shall include, but not be limited to, the following:

(a) encourage and exercise leadership in the development of effective personnel administration practices within the municipality;

(b) investigate from time to time the operation and effect of this law and the policies made thereunder and to report his findings and recommendations to the mayor and municipal governing body:

(c) establish and maintain comprehensive personnel records for each employee in the municipality's service including for each employee his classification, pay rate, date of employment and other relevant data:

(d) advise the mayor and municipal governing body on matters affecting the most effective use of manpower resources;

(e) make an annual report to the mayor and municipal governing body regarding the status of the personnel administration program.

## Section 5   Preparation of Personnel Rules and Regulations

The personnel officer shall not more than one hundred twenty (120) days after the effective date of this ordinance assist in drafting or causing to be drafted the personnel rules and regulations for the municipality.  Such rules shall become effective upon passage of an appropriate ordinance by the municipal governing body. The policies shall provide for:

(a) the classification of all positions, based on duties, authority and responsibility of each position, with adequate provisions for reclassification of any positions warranted by changed circumstances;

(b) a pay plan for classified service positions;

(c) announcement of employee vacancies and acceptance of application for employment;

(d) preparation and administration of examinations, if appropriate;

(e) establishment and use of eligibility lists, if appropriate;

(f) establishment of promotion policies and procedures;

(g) transfer, promotion and reinstatement of employees;

(h) performance evaluations of employees, including those on probationary periods;

(i) separation of employees from the classified service by resignation, suspension, dismissal, layoff, or incapacity to perform required duties;

(j) grievance and appeal procedures;

(k) establishment of hours of work, holidays, vacations, leave regulations and procedures;

(l) outside employment of municipal employees;

-3-

(m) establishment of a probation period for all employees prior to final appointment;

(n) development of employee morale, safety and training programs;

(o) such other matters as may be necessary to carry out the intent and purpose of this ordinance.

Section 6   Repealer

That any ordinance or part thereof in conflict with this ordinance be and the same is hereby repealed.

Section 7   Severability

If any section or provision of this ordinance be declared to be invalid or unconstitutional by judgment or decree of a court of competent jurisdiction such judgment or decree shall not affect any other section or provision of this ordinance.

Section 8   Effective Date - Publication

This ordinance shall take effect upon adoption and shall be published as required by law.

ADOPTED AND APPROVED THIS THE 20 DAY OF June , 1977.

_____
Mayor

ATTEST:

_____
City Clerk